UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:23-cr-00099-KJM |
| Plaintiff, | ORDER |
| v. | |
| Branden Johnson and Brian Johnson, | |
| Defendants. | |

Defendants Branden Johnson and Brian Johnson are each charged in this action with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That section makes it a crime for any person to possess a firearm who has been convicted of a felony. Defendants each move to dismiss the charges against them as unconstitutional infringements of their rights to keep and bear arms under the Second Amendment. *See generally* Brian Johnson Mot., ECF No. 45; Branden Johnson Mot., ECF No. 49. The government opposes the motions, *see generally* Opp'n, ECF No. 50, and each defendant has replied, *see generally* Brian Johnson Reply, ECF No. 52; Branden Johnson Reply, ECF No. 51. The court heard arguments on September 16, 2024. *See* Mins., ECF No. 58. Ross Pearson appeared for the United States, Megan McLoughlin appeared for Branden Johnson, and Jennifer Mouzis appeared for Brian Johnson. As explained below, the criminal prohibition in § 922(g)(1) is a constitutional limit on the right to keep and bear arms as a matter of currently binding precedent, so the motions are **denied**.

1

1    In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Court held that individual persons have a right to keep and bear arms for self defense in the home. *See generally id.* The Court made clear, however, that "the right secured by the Second Amendment is not unlimited." *Id.* at 626. "[N]othing in our opinion," the court cautioned, "should be taken to cast doubt on longstanding prohibitions on the possessions of firearms by felons and the mentally ill," among other laws. *Id.*

Approximately two years after *Heller*, the Ninth Circuit decided *United States v. Vongxay*. *See generally* 594 F.3d 1111 (9th Cir. 2010). In *Vongxay*, the Circuit held that "[n]othing in *Heller* can be read legitimately to cast doubt on the constitutionality of § 922 (g)(1)," the statute at issue in this case. *Id.* at 1114. The Circuit upheld the defendant's conviction for possessing a firearm in violation of § 922(g)(1). *See id.* at 1113; *see also, e.g.*, *United States v. Phillips*, 827 F.3d 1171, 1174–75 (9th Cir. 2016) (upholding § 922(g)(1) against an as-applied challenge in reliance on *Vongxay* and other authorities).

More recently, in 2022, the Supreme Court rejected the then-prevailing two-part test the federal courts of appeals had used to decide whether a law violates the Second Amendment. *See generally N.Y. State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). It adopted instead a test based on the historical tradition of firearm regulation: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. Although this was a new test, the Court's opinion in *Bruen* is consistent with its opinion in *Heller*; three of the Justices in the majority concurred in separate opinions to underscore that point expressly. *See id.* at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. . . . Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns." (citations omitted)); *id.* at 81 (Kavanaugh, J., concurring, joined by Roberts, C.J.) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." (first alteration in original) (quoting *Heller*, 554 U.S. at 626)).

2

Earlier this year, a three-judge panel of the Ninth Circuit applied this new test to hold that § 922(g)(1) was unconstitutional in the case of the particular defendant before it, "a non-violent offender who [had] served his time in prison and reentered society." *United States v. Duarte*, 101 F.4th 657, 661 (9th Cir. 2024). The panel concluded it was not bound by the Circuit's 2010 opinion to the contrary in *Vongxay* because *Vongxay* had relied on a different "mode of analysis" than the Supreme Court had prescribed in *Bruen*. *See id.* at 664–70. But after the panel issued its opinion in *Duarte*, the Supreme Court upheld a challenge to a different provision of § 922(g). *See generally United States v. Rahimi*, 144 S. Ct. 1889 (2024). The statute in *Rahimi* was § 922(g)(8), which imposes liability on those who are subject to domestic violence restraining orders based on a finding that the person "represents a credible threat to the physical safety of [an] intimate partner." 18 U.S.C. § 922(g)(8); *see also Rahimi*, 144 S. Ct. at 1895–96 (summarizing that statute). In short, under *Bruen*, "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Rahimi*, 144 S. Ct. at 1903. After the Supreme Court issued its opinion in *Rahimi*, the Ninth Circuit vacated the panel opinion in *Duarte* and voted to rehear that case en banc. 108 F.4th 786 (9th Cir. 2024) (Order). The en banc proceedings are currently underway, and it is unclear when the Circuit will issue an en banc opinion.

Because the panel decision in *Duarte* was vacated, this court is bound by the Circuit's earlier opinion in *Vongxay*—and must therefore hold that § 922(g)(1) is constitutional—unless *Vongxay* is "clearly irreconcilable" with the Supreme Court's intervening decisions in *Bruen* or *Rahimi*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). For two reasons, the court cannot conclude that *Vongxay* is "clearly irreconcilable" with *Bruen* or *Rahimi*.

First, as the Supreme Court made clear in *Heller*, its opinion in that case should not be interpreted as casting doubt on longstanding prohibitions that prevent people from possessing firearms if they have been convicted of a felony. *See* 554 U.S. at 626. The Court did not retreat from that holding in *Bruen*, as explained above. Nor is that holding "clearly irreconcilable" with the Circuit's conclusion in *Vongxay*, as this court has previously explained in *United States v. Guthery*, No. 22-00173, 2023 WL 2696824, at *4 (E.D. Cal. Mar. 29, 2023), and as another judge

of this court also has persuasively explained, *see United States v. Broadbent*, No. 19- 00155, 2023 WL 6796468, at *3–4 (E.D. Cal. Oct. 13, 2023).

Second, the Court's opinion in *Rahimi* suggests *Vongxay* can be reconciled with the Supreme Court's intervening decisions in *Bruen* and *Rahimi*. As the Court explained in *Rahimi*, the statute in dispute in that case, § 922(g)(8), "fits neatly within the tradition" of firearm regulation in the United States. 144 S. Ct. at 1902. Section 922(g)(8) is similar to § 922(g)(1), both in its purpose and how it achieves that purpose; many lower federal courts have thus upheld § 922(g)(1) based on reasoning akin to that the Supreme Court employed in *Rahimi*. *See generally, e.g.*, *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); *see also* Opp'n at 6 & n.3 (collecting authority); *United States v. Jones*, No. 23-20275, 2024 WL 3297060, at *4–7 (E.D. Mich. July 2, 2024) (comparing reasoning in *Duarte* and other similar cases with Supreme Court's opinion in *Rahimi* and declining to follow *Duarte*). Although *Vongxay* is not utterly congruent with *Bruen* and *Rahimi*, it is not "clearly irreconcilable" with those decisions either. It remains binding on this court until the Ninth Circuit or the Supreme Court holds otherwise.

The motions to dismiss (ECF Nos. 45, 49) are **denied**.

IT IS SO ORDERED.

DATED: October 7, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE