UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:23-cr-00099-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Branden Lamont Johnson, | |
| Defendant. | |

Defendant Branden Lamont Johnson requests a stay or continuance of trial to allow time for the Ninth Circuit's resolution of a matter pending before the *en banc* court in *United States v. Duarte*, No. 22-50048 (9th Cir. filed July 17, 2024). The court held a hearing on this matter on November 5, 2024. *See* Mins. Mot. Hr'g, ECF No. 72. Ross Pearson appeared for the government. *Id.* Meghan McLoughlin appeared for defendant. *Id.* Having carefully considered the parties' briefing and the arguments at hearing, the court **grants** Mr. Johnson's request construed as a request for a continuance, and continues the case, with a new trial date to be set in 120 days.

On April 20, 2023, an indictment charged Mr. Johnson with being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). Indictment at 1, ECF No. 20. Mr. Johnson's predicate felony was a non-violent offense. *Id.* The facts in the instant case mirror those in *Duarte*, where the defendant, previously convicted of a non-violent predicate felony, was charged

with violating § 922(g)(1).  *See* Mot. at 2, ECF No. 65.  The Ninth Circuit vacated the panel decision published as *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), granted a petition for rehearing *en banc* and has calendared oral argument for the week of December 9, 2024.  *See* Mot. at 2; Reply at 2, ECF No. 68.  Given the analogous factual circumstances, a decision in *Duarte* may affect whether the government has jurisdiction in Mr. Johnson's case.  *See* Mot. at 2.  At present, Mr. Johnson's case is scheduled to proceed to a jury trial the same week the circuit court hears oral argument in *Duarte*.  *See* Mot. at 2; Min. Order, ECF No. 55.

While federal district courts have discretion to grant ends of justice continuances in criminal cases, *see United States v. Orozco-Barron*, 72 F.4th 925, 947–48 (9th Cir. 2023), the court must comply with the Speedy Trial Act to ensure the rights of the public and defendant to a speedy trial are protected.  *Id*; 18 U.S.C. § 3161.  The Sixth Amendment right to a speedy trial is unique from other enshrined rights because it applies to both individuals and the public.  *Barker v. Wingo*, 407 U.S. 514, 519 (1972).  Unnecessary delays infringe on the public's right by creating backlogs, worsening the government's case, and allowing defendants to "manipulate the system." *Id.* at 519–522.  Under the Act, a court can grant a continuance only if it: 1) finds the request is "specifically limited in time;" 2) explains its reasons for finding the "ends of justice outweigh the public's and defendant's interest in a speedy trial;" and 3) evaluates "several enumerated factors" outlined in the Act.  *Orozco-Barron*, 72 F.4th at 947–48 (citations omitted) (internal quotation marks omitted).  The Act's enumerated factors include avoiding a miscarriage of justice and allowing the parties adequate time to address novel questions of fact or law. 18 U.S.C. § 3161(7)(B)(i)–(ii).

The court finds the specific factual and procedural circumstances surrounding Mr. Johnson's case warrant a continuance under the Speedy Trial Act.  Mr. Johnson requests a continuance that is "specifically limited" to no more than 120 days in anticipation of the Ninth Circuit's *en banc* decision.  *See* Mot. at 1; Reply at 1.  He represents the need for a trial may be obviated if the decision goes against his interests; if trial were to proceed now, he requests a bench trial without the need for a jury and anticipates putting on no defense, but a bench trial is not available to him given the government's request for a jury, which it has not waived.  Mot. at

2

3–4. Defense counsel also represented that she is not in a position at this point to confidently advise Mr. Johnson regarding all of his options in responding to the government's charge against him, including the preservation of any rights he might ultimately have if he were to enter into a change of plea without the benefit of an agreement with the government. Reply at 3–4. Regarding the length of time for a continuance, at hearing plaintiff's attorney acknowledged a longer continuance than 120 days at the outside would not be appropriate, even if for example a party in *Duarte* files a petition for certiorari after the *en banc* decision issues. The application of 18 U.S.C. § 922(g)(1) has become a "novel question of law" following the U.S. Supreme Court's decision in *N.Y. State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). *See* Mot. at 2. With oral arguments in *Duarte* calendared for December, the court anticipates a controlling *en banc* decision will issue relatively soon, clarifying the constitutionality of the charged statute. *See* Mot. at 2. On balance, the court finds proceeding to trial without allowing time for the circuit court to issue its decision on the novel questions of law would be a miscarriage of justice under the Act's enumerated factors. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Moreover, a continuance in the case will not harm the public's right to a speedy trial under the Act. At hearing, the government expressed generalized concerns about manipulation of the system and the potential for evidence to become stale. *See also* Opp'n at 2, ECF No. 67. At the same time, government acknowledged he has no reason to believe Mr. Johnson or his attorney have moved to continue trial in bad faith or for any improper purpose. The government did not contest the defense position that the evidence the government will rely on likely can be verified, or memories refreshed, through preserved body-worn and dash camera video material, police reports and social media posts, which are unlikely to deteriorate within the next 120 days. Mot. at 4–5; Complaint at 4–5, ECF No. 1. Additionally, the public's right to a speedy trial coexists with a public interest in efficient judicial processes. *See*, *United States v. Lewis*, 611 F.3d 1172, 1177–78 (9th Cir. 2010) (weighing "efficient use of judicial resources" in granting an ends of justice continuance); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (finding trial courts may grant stays to ensure "prompt and efficient determination of the cases pending before it"). An *en banc* decision in *Duarte* is likely to clarify novel questions of

3

law in Mr. Johnson's case and could mean this case resolves without a jury trial, thereby conserving judicial resources. Because the court finds a continuance will promote judicial efficiency without prejudicing the government or the public, a continuance is appropriate under the Act.

For good cause shown, the court **grants** Mr. Johnson's motion and continues trial-setting for 120 days. The Trial Confirmation Hearing set for November 12, 2024, and Jury Trial set for December 9, 2024, are **vacated**. The Trial Confirmation Hearing is **reset** for March 11, 2025, at 10:00 a.m.

This order resolves ECF No. 65.

IT IS SO ORDERED.

DATED: November 8, 2024.

UNITED STATES DISTRICT JUDGE